IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

RODNEY K. ADAMS, *et al.*,
    Appellants,

v.                                                  Civil No. 3:22cv237 (DJN)

LYNN L. TAVENNER, *as Chapter 7 Trustee*,
    Appellee.

---

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

Richmond Division

In re:

    LeClairRyan, PLLC,                           Case No. 19-34574 (KRH)

    Debtor.                                                             Chapter 7

**MEMORANDUM ORDER**
**(Withdrawing Reference in Part, Striking Settlement Terms**
**and Scheduling Hearing)**

This matter comes before the Court on its own initiative and on Trustee's Motion (I) for Approval of Compromise and Settlement and (II) to Shorten Time, and Memorandum of Law, filed in the Bankruptcy Court ("Motion" (Case No. 19-34574, ECF No. 1900)). Due to an unusual procedural history and a proposed settlement which (1) requests that the Court and the Bankruptcy Court vacate earlier judicial orders and opinions and (2) that contains factual stipulations which are contrary to findings made by this Court and the Bankruptcy Court, and for the reasons set forth from the bench, below and in a forthcoming Memorandum Opinion, the

Court will withdraw the reference to the Bankruptcy Court regarding the claims involving Gary D. LeClair ("LeClair") and those implicated in the proposed settlement and strike improperly proposed provisions in the Settlement Agreement. (Case No. 19-34574, ECF No. 1902.)

## PROCEDURAL HISTORY AND BACKGROUND

This case comes before the Court following an unusual procedural history. The case arises out of the bankruptcy case voluntarily commenced by LeClairRyan PLLC, initially under Chapter 11 of the Bankruptcy Code, on September 3, 2019, in the United States Bankruptcy Court for the Eastern District of Virginia. On September 17, 2019, LeClairRyan filed its List of Equity Security Holders Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure ("ESH List," or the "List"). Immediately after her appointment, the Trustee began using the ESH List to file taxation documents for the Estate. Due to the tax burdens imposed by membership on the List, Appellant LeClair and other List-members sought amendment of the List by the Trustee.

The Bankruptcy Court issued a Memorandum Opinion and Order on April 21, 2022, and a second Order on April 28, 2022. The court first denied LeClair's Motion to Amend Debtor's Equity Security Holders List Pursuant to Bankruptcy Rule 1009(a). (Case No. 19-34574, ECF Nos. 1301–02.) The second Order granted the Trustee's Motion for an Order Approving (I) The Trustee's Reliance on Debtor's List of Equity Security Holders and (II) Procedures for Obtaining Copies of Filed Tax Returns and Memorandum in Support Thereof. (Case No. 19-34574, ECF No. 1311.) LeClair and certain former attorneys of the Firm filed notices of appeal to this Court, challenging the two orders, which the Court consolidated into one action.[1]

---

[1] The other appeals consolidated into this action are Case No. 3:22cv235 and Case No. 3:22cv238, pursuant to the Court's May 25, 2022 Order (ECF No. 7).

On January 4, 2023, the Court issued its Memorandum Opinion (Case No. 3:22cv237, ECF No. 22), finding that the Bankruptcy Court acted properly in granting the Trustee's Motion to Authorize and denying the Appellants' Motion to Amend and the Motions for Joinder. The Court affirmed the Bankruptcy Court's rulings on the motions but reversed to the extent that the Bankruptcy Court improperly ruled that the Trustee may rely on future revisions of the ESH List and remanded to the Bankruptcy Court with instructions to strike the offending language from its Order, as well as to correct the date of the ESH List.

On February 2, 2023, Gary LeClair filed a Notice of Appeal to the Fourth Circuit. (ECF No. 23.) On April 12, 2023, the Fourth Circuit scheduled a mediation conference in this case under Local Rule 33 and with the assistance of the Office of the Circuit Mediator. (Appeal Case No. 23-1133, ECF No. 19.) On June 14, 2023, after reaching a complete settlement-in-principal of the consolidated appeal, the parties filed a Joint Motion to Hold Appeal in Abeyance, pending the Bankruptcy Court's ruling on the Trustee's 9019 Motion for approval of the parties' settlement. (Appeal Case No. 23-1133, ECF No. 23.) On June 16, 2023, the Fourth Circuit granted the Motion for Abeyance pending the Bankruptcy Court's decision. (Appeal Case No. 23-1133, ECF No. 25.)

On June 13, 2023, the Trustee filed her Motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, in the Bankruptcy Court, seeking approval of the settlement between the Trustee and LeClair. (Case No. 19-34574, ECF No. 1900.) The Settlement Agreement contained three main aspects: (1) Leclair "shall have an allowed general unsecured claim in the amount of $1,612,197.25" and the balance of his claim is disallowed; (2) the parties shall file joint motions in the Bankruptcy Court and this Court requesting indicative rulings that both courts vacate their opinions and orders regarding the Trustee's use of the ESH List, and, if

3

so, then the parties shall request a limited remand from the Fourth Circuit for the Bankruptcy Court and this Court to issue rulings on Motions to Vacate, before dismissing the appeal before the Circuit Court; and (3) a letter with interpretations of LeClairRyan PLLC's corporate governance documents — some of which contradict the Court's prior rulings — which shall be used by LeClair in connection with addressing his tax matters with the Internal Revenue Service, or other tax authorities. (Case No. 19-34574, ECF No. 1902.)

On June 27, 2023, the Bankruptcy Court held a hearing on the pending Motion. Judge Huennekens voiced concerns that he and the undersigned shared regarding the requests for vacatur in the Settlement Agreement and continued the hearing until July 27, 2023. On July 27, 2023, the Bankruptcy Court held a hearing on the Motion, with Bankruptcy Judge Huennekens and the undersigned presiding jointly. The undersigned ruled from the bench regarding the proposed settlement and the letter exhibit containing factual stipulations, striking all provisions regarding requests or processes to vacate the Court and the Bankruptcy Court's prior rulings and voided proposed factual stipulations that run contrary to the Court's opinion. The Bankruptcy Court then continued the hearing until August 29, 2023, for consideration of the Motion.[2]

## I. WITHDRAW OF REFERENCE

Federal district courts exercise "original and exclusive jurisdiction of all cases" under the Bankruptcy Code. 28 U.S.C. § 1334(a). District courts may refer all bankruptcy matters to bankruptcy judges, which this District has done as a matter of course since 1984. 28 U.S.C. § 157(a); *see In the Matter of: The Administration of the Bankruptcy Courts and Reference of*

---

[2] During the hearing, the undersigned advised counsel for the Trustee that the undersigned was considering withdrawing the reference to the Bankruptcy Court. Counsel for LeClair failed to appear for the hearing, and thus was not present when the undersigned provided notice to the parties.

*Bankruptcy Cases and Proceedings to the Bankruptcy Judges of this District* (E.D. Va. Aug. 15, 1984) (Standing Order referring all bankruptcy matters to Bankruptcy Court). District courts retain the authority to withdraw, in whole or in part, any case or proceeding that they had referred. *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 481 (4th Cir. 2015) (citing 28 U.S.C. § 157(d)). "In short, while the district courts were given jurisdiction over bankruptcy cases, Congress also delegated to the bankruptcy courts, 'as judicial officers of the district courts,' . . . adjudicatory authority, subject to the district courts' supervision as particularized in § 157 and the limits imposed by the Constitution." *Id.* (quoting *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 679 (2015)).

28 U.S.C. § 157(d) reads, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Thus, the Court may withdraw, on its own initiative, any or all of a case referred to the Bankruptcy Court. It does so here. Due to the request to vacate present in the pending Settlement Agreement and Motion which implicate this Court's prior rulings, the Court hereby WITHDRAWS the reference regarding any claims of Gary LeClair in the proposed settlement, and any other claims captured in the settlement agreement at issue, and recovers jurisdiction over such claims.[3]

---

[3] The Court hereby EXEMPTS the Bankruptcy Court's pending Order to Show Cause over LeClair's counsel, Mr. Andrew Bowman. (Case No. 19-34574, ECF No. 1954.) Bankruptcy Judge Huennekens will contain to retain jurisdiction over the pending order as the show cause order implicates administration of the Bankruptcy Court only and does not affect the substance

5

Accordingly, the Court now turns to the pending Motion and proposed Settlement Agreement.

## II. STRIKE SETTLEMENT PROVISIONS

As discussed above, on June 13, 2023, the Trustee filed her Motion, in the Bankruptcy Court seeking approval of the settlement between the Trustee and LeClair. (Case No. 19-34574, ECF No. 1900.) The Agreement (1) reduced LeClair's claim to $1,612,197.25; (2) created a process for the parties to jointly seek vacatur of the Court and the Bankruptcy Court's prior rulings on the ESH List; and (3) filed as an exhibit a letter interpreting the Firm's governance documents in ways contrary to the Court's rulings to be used by LeClair to challenge his tax obligations. (Case No. 19-34574, ECF No. 1902.) For the reasons stated from the bench and to be detailed in a forthcoming Memorandum Opinion, the Court STRIKES from the Settlement Agreement any provisions relating to vacatur or the process through which the parties shall seek to vacate court rulings (including but not limited to Paragraphs 3, 4, 5, 6 and 7), as well as any factual stipulations which contradict the Court or the Bankruptcy Court's prior rulings, either in a Memorandum Opinion or Order (including but not limited to those set forth in Paragraph 12 of the Motion).

## III. SCHEDULING HEARING AND STATUS REPORT

The Court hereby SCHEDULES an in-court, initial settlement approval hearing on August 29, 2023, at 10 a.m. Counsel and their clients, to include Mr. LeClair, shall be present. No later than Thursday, August 24, 2023, the parties shall file pleadings regarding whether they intend to move forward with the proposed settlement absent the stricken provisions. In the

---

of the settlement approval. Nothing in this Memorandum Order shall disturb the scheduled hearing or pleadings timeline in the Bankruptcy Court.

pleadings, the parties shall also address the implications of their decisions on whether the parties need to notify the Fourth Circuit to lift, or keep, the stay on Plaintiff's pending appeal. Additionally, the pleadings should also address the implications of withdrawing the reference on the pending remand to the Bankruptcy Court to amend its earlier order regarding the ESH List.

The Clerk is directed to file a copy of this Order electronically on both of the above captioned dockets and notify all counsel of record, as well as United States Bankruptcy Judge Kevin R. Huennekens and the Clerk of the Bankruptcy Court.

It is so ORDERED.

\_\_\_\_\_/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: August 15, 2023