# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

GARY D. LECLAIR,

    Appellant,

v.

LYNN L. TAVENNER, *as Chapter 7 Trustee*,

    Appellee.

Record No. 23-1131(L)

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter the "**Agreement**") is made this __th day of August, 2023 (the "**Effective Date**"), by and between Lynn L. Tavenner in her capacity as the Chapter 7 Trustee (the "**Trustee**") of the Chapter 7 bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), on the one hand, and Mr. Gary D. LeClair (the "**Appellant**"), on the other hand. The Trustee and Appellant may be referred to hereinafter collectively as the "**Parties**."

## RECITALS

### Background

WHEREAS, on September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"), commencing the above referenced bankruptcy case (the "**Bankruptcy Case**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession;

WHEREAS, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP, the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019;

WHEREAS, upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee;

WHEREAS, the Debtor's Bankruptcy Case is presently pending in the Bankruptcy Court;

WHEREAS, the Appellant filed an amended proof of claim in the amount of $3,448,789.00 on March 7, 2022, which is located on the Bankruptcy Court's docket as Claim 134-1 (the "**Amended Proof of Claim**");

WHEREAS, the Trustee and the Appellant are parties to two prior settlement agreements, namely the November 19, 2021 settlement agreement (the "**Covered Claims Settlement Agreement**") and the December 13, 2021 confidential settlement agreement (the "**Non-Covered Claims Settlement Agreement**"), wherein certain matters were resolved;

WHEREAS, on November 2, 2021, the Trustee filed a Motion for an Order Approving (I) the Trustee's Reliance on Debtor's List of Equity Security Holders and (II) Procedures for Obtaining Copies of Filed Tax Returns and Memorandum in Support Thereof (the "**Motion to Authorize**");

WHEREAS, on February 14, 2022, Appellant filed a Motion to Amend Debtor's Equity Security Holders List Pursuant to Bankruptcy Rule 1009(a) (the "**Motion to Amend**");

WHEREAS, on March 29, 2022, the Bankruptcy Court held a hearing at which time it orally granted the Motion to Authorize and denied the Motion to Amend;

WHEREAS, on April 12, 2022, Appellant noticed an appeal to the United States District Court for the Eastern District of Virginia, Richmond Division ("**District Court**") of the Bankruptcy Court's denial of his Motion to Amend and granting of the Trustee's Motion to Authorize;

WHEREAS, on April 21, 2022, the Bankruptcy Court issued a Memorandum Opinion (Dkt. 1301) and Order (Dkt. 1302) memorializing its oral ruling denying the Motion to Amend;

WHEREAS, on April 28, 2022, the Bankruptcy Court entered an Order Approving the Trustee's Reliance on Debtor's List of Equity Security Holders (Dkt. 1311), and on April 28, 2022, the Bankruptcy Court entered a Corrected Order Approving the Trustee's Reliance on Debtor's List of Equity Security Holders (Dkt. 1313);

WHEREAS, the Parties litigated the District Court appeal;

WHEREAS, on January 3, 2023, the District Court issued a Memorandum Opinion (ECF No. 22) and Order (ECF No. 21) affirming in part, reversing in part, and remanding the Bankruptcy Court's Orders granting the Motion to Authorize and denying the Motion to Amend;

WHEREAS, on February 2, 2023, Appellant filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit ("**Fourth Circuit**");

WHEREAS, the Parties have begun to litigate the Fourth Circuit appeal (the "**Appeal**"), including the filing of Appellants' Opening Brief on April 3, 2023;

WHEREAS, on May 10, 2023, the Trustee filed in the Bankruptcy Court a Motion for Entry of an Order Determining the Amount and Legality of Estate Tax and Memorandum in Support Thereof (the "**Virginia 505 Motion**");

WHEREAS, on May 30, 2023, the Bankruptcy Court conducted a hearing and granted the Virginia 505 Motion, and such Court's ruling is reflected at Docket Number 1890 (the "**Virginia 505 Order**").

### The Settlement Negotiations

WHEREAS, the Parties have, with the assistance and guidance of a mediator in the Fourth Circuit Mediation Program (the "**Circuit Mediator**"), engaged in numerous settlement conferences pursuant to Fourth Circuit Local Rule 33;

WHEREAS, the Trustee and the Appellant desired to fully resolve and settle the issues presented by the Appeal, as well as all other disputes between the Parties;

WHEREAS, the Trustee and the Appellant were unable to fully resolve and settle the issues presented by the Appeal through a process that was deemed appropriate in the District Court;

WHEREAS, the Trustee and the Appellant continue to desire to fully resolve and settle the Amended Proof of Claim, on the terms set forth herein; and

WHEREAS, the Trustee and the Appellant have negotiated and reached this Agreement in good faith.

### THE AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual obligations and releases set forth herein, which the Trustee and the Appellee agree constitutes good and valuable consideration for the various covenants and understandings set forth in this Agreement, it is hereby agreed by the Parties as follows:

1. **Allowed Claim**. The Trustee agrees that Appellant shall have an allowed general unsecured claim in the amount of $1,612,197.25 (the "**Allowed Claim**"), and that the balance of the Amended Proof of Claim be and hereby is disallowed. The Trustee shall not object to the Allowed Claim. Notwithstanding anything to the contrary herein, any claim(s) asserted by the Appellant in the Allowed Claim shall not be released. Appellant shall be entitled to no other distribution from the Estate other than his *pro rata* share under 11 U.S.C. § 726(a)(2) of the Allowed Claim.

2. **Time of the Essence**. The Parties represent that time is of the essence with respect to this Agreement, including, without limitation, that the Parties desire that the Estate be fully administered as expeditiously as appropriate under the circumstances.

3. **[Reserved]**.

4.      **[Reserved].**

5.      **[Reserved]** .

6.      **[Reserved].**

7.      **No Dismissal of Appeal**. The Parties agree the Appeal shall neither be dismissed, nor remain in abeyance, absent a further written agreement of the Parties.

8.      **Court Approval**. The Parties recognize that this Agreement, and all attachments hereto, are subject to Bankruptcy Court approval pursuant to Bankruptcy Rule 9019. Following the Bankruptcy Court's entry of an order approving this agreement (the "**9019 Order**"), and upon the 9019 Order becoming final and non-appealable or, in the event of any appeals, the affirming of the 9019 Order by all appellate courts asked to consider the matter, and upon execution of this Agreement (the "**Release Date**"), the releases in Paragraph 9 shall become effective.

9.      **Releases.**

   a.      **By Trustee.** Upon the Release Date, the Trustee, on behalf of the Estate and the Debtor, shall be deemed to have released and forever discharged the Appellant and the Appellant's successors, assigns, executors, personal representatives or administrators, heirs, beneficiaries, family members, relatives, agents, consultants, Gentry Locke, and William A. Broscious, Esq., PLC, (collectively, the "**Appellant's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action related to LeClairRyan or the Estate of any nature, in law, equity or otherwise, whether asserted or unasserted, known or unknown, disclosed or undisclosed, that the Debtor, the Estate, or the Trustee made, could have made, or is able to make against the Appellant or the Appellant's Released Affiliates for any reason as of the Effective Date.

   b.      **By Appellant.** Upon the Release Date, except for the Allowed Claim, and subject to Paragraph 4 of the Non-Covered Claims Settlement Agreement as modified herein, the Appellant shall be deemed to have released and forever discharged (i) the Trustee, (ii) the Estate, and (iii) any agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Estate and/or the Trustee (collectively, the "**Trustee's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action related to LeClairRyan or the Estate of any nature in law, equity or otherwise, whether asserted or unasserted, known or unknown, disclosed or undisclosed that the Appellant made, could have made, or is able to make, against the Trustee, the Estate, or the Trustee's Released Affiliates for any reason as of the Effective Date. Notwithstanding the foregoing, the Appellant and the Trustee agree to amend Paragraph 4 of the Non-Covered Claims Settlement Agreement to strike the second-to-last sentence therein; for the avoidance of any doubt, the following sentence shall be deleted from such Paragraph 4: "Notwithstanding anything to the contrary in the foregoing, the Trustee agrees that nothing

in this Agreement shall release the Trustee, the Estate, and/or the Trustee's Released Affiliates for reliance on Management Wrongful Acts (as defined in the 9019 Motion) after the Effective Date relating to the filing of the Debtor's tax returns and/or Schedule K-1s for the 2021 or subsequent tax years."

   c. **Reserved Rights**. For the avoidance of doubt, nothing in Paragraph 9 shall release any rights or obligations specifically created or preserved in this Agreement, including, but not limited to, (Y) Appellant's right to pursue the Appeal and issues pending on Appeal and (Z) the Trustee's ability to defend the Appeal and issues pending on Appeal. Furthermore, for the avoidance of doubt, nothing in Paragraph 9 shall inhibit the Trustee's administration of the Estate provided the same is not contrary to the other terms of this Agreement.

  10. **Future Conduct**. Appellant shall: (a) voluntarily dismiss with prejudice any appeal of the Virginia 505 Order, and Appellant shall not object to the Trustee's request for similar relief from other taxing entities; and (b) not object to any relief the Trustee may seek in connection with the administration of the Estate, *provided* that any such relief is not contrary to the terms of this Agreement, does not name Appellant, does not adversely impact the position(s) that Appellant may take with the IRS or other taxing authorities regarding the Part II, Item J allocation percentages shown on his Schedule K-1s for 2021 and subsequent tax years, does not disproportionately impact him as compared to other former lawyers of the Debtor, or does not disproportionately impact the Appellant as compared to other holders of allowed general unsecured claims generally.

  11. **Cooperation.** Upon reasonable notice and request from the Trustee, the Appellant agrees to reasonably cooperate with and make himself reasonably available to the Trustee in connection with her administration of the Estate. Such cooperation shall not include (i) the Appellant's provision of legal or tax advice; and (ii) the Appellant's production of his attorney-client privileged communications or work-product in connection with the Bankruptcy Case or any other matter for which he has sought legal advice.

  12. **Predecessors and Successors.** All persons or business entities granting releases hereby include any predecessor in interest or successor in interest of the respective grantor. All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

  13. **Circuit Mediator**. The Parties agree that, until said time as the Appeal has been dismissed or otherwise adjudicated, all communications with the Circuit Mediator related to the Appeal shall constitute settlement conferences pursuant to Fourth Circuit Local Rule 33.

  14. **Understanding and Counsel.** The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been (or had the opportunity to be) represented by counsel with respect to this Agreement and all matters covered by and relating to it, (iii) they have entered into this Agreement for reasons of their own and not based upon

representations of any other party hereto, and (iv) they have full authority and right to grant the releases expressed herein and to bind themselves in all respects to this Agreement.

15. **Legal Fees and Costs.** Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to this Agreement.

16. **Entire Agreement.** This Agreement, including all exhibits thereto, the Covered Claims Settlement Agreement, and the Non-Covered Claims Settlement Agreement (and its Allocation Acknowledgment) constitute the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

17. **Amendments.** This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

18. **Headings.** All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

19. **Construction.** As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary. "Person" shall include natural persons, corporations, partnerships, and/or any other entity, which by law is treated as or has the rights of a natural person.

20. **Waiver and Modification.** The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

21. **Jurisdiction.** By this Agreement, each of the Parties submits to the jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Agreement. For the avoidance of any doubt, this provision does not limit any party's right of appeal.

22. **Counterparts and Facsimile Signatures.** This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if all of the Parties had signed one document. This Agreement may be executed by facsimile or PDF copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

23. **Further Necessary Actions.** To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

24. **Applicable Law.** This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia. This Agreement shall not be construed against any of the Parties, but shall be given a reasonable interpretation.

29646/1/11338638v1

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement on the day and year set forth above.

**The Bankruptcy Estate of LeClairRyan PLLC**

By: _____    Date: _____

Name: <u>Lynn L. Tavenner</u>

Title: <u>Chapter 7 Trustee</u>

**Appellant Gary D. LeClair**

**By:** _____    Date: _____

**Name:** <u>Gary D. LeClair</u>

29646/1/11338638v1