**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**RODNEY K. ADAMS, et al.,**
      **Appellants,**
         **v.**                **Civil No. 3:22cv237 (DJN)**

**LYNN L. TAVENNER, as Chapter 7**
**Trustee,**
      **Appellee.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**In re:**                        **Case No. 19-34574-KRH**

      **LeClairRyan, PLLC,**[1]

      **Debtor**                 **Chapter 7**

**SUPPLEMENT TO TRUSTEE'S PLEADINGS PURSUANT TO**
**MEMORANDUM ORDER ENTERED AUGUST 16, 2023**

Comes now Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as

the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the

bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"),

in the above-referenced Chapter 7 case (the "**Case**"), by counsel, and supplements her Trustee's

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:  (804) 783-8300
Facsimile:   (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Pleadings Pursuant to Order Entered August 16, 2023 [Docket No. 33] (the "**Trustee Original Pleadings**") in which she reported to this Court on August 24, 2023, in accordance with and as directed by this Court's Memorandum Order [Docket No. 30] (the "**August Memorandum Order**").

The Trustee Original Pleadings addressed the inquiries of the Court and also informed that, given her unique position and attendant responsibilities as the Estate fiduciary, the Trustee was continuing to analyze issues addressed in the Court's recent Memorandum Opinion entered on August 22, 2023 [Docket No. 31] (the "**August Memorandum Opinion**")[2].  Particularly, the Trustee desired to ensure that she was equipped with sufficient information to make an informed decision in the exercise of her business judgement as to the best interests of the Estate with regard to certain matters the Court directed her to address in the August Memorandum Order. She was forthright in identifying certain reasons that she continued to weigh the interests of the Estate in potentially taking actions including but not limited to an appeal and/or motion to reconsider with respect to the August Memorandum Opinion and August Memorandum Order.

As part of the Trustee Original Pleadings, the Trustee shared certain immediate health issues. But she also informed of her hope for sufficient improvement to meet with counsel in person over the weekend such that she would be in a position on or before August 28, 2023 to make an informed decision in the exercise of  her business judgement as to what steps are in the best interests of the Estate with respect to the status of the settlement with Mr. LeClair.

---

[2] The Trustee Original Pleadings contained an error in which she mistakenly identified the same in the definition but the references throughout were clear. The Trustee and counsel apologize for this error as well as other typographical errors contained in the Trustee Original Pleadings. The draft version of the same as of Tuesday, August 22, 2023 is vastly different than the document ultimately filed on August 24, 2023. After entry of this Court's  August Memorandum Opinion on August 22, 2023, the Trustee's health issues made it difficult to determine the path that was in the best interest of the Estate and communicate the same to her counsel in a time period that provided counsel more than the afternoon and evening on the 24th to revise, finalize, and file the Trustee Original Pleadings on or before the Court's deadline.

While unfortunately the Trustee's health issues prevented an in-person meeting, the Trustee has now had an opportunity to otherwise meet with counsel and further vet a plethora of information.  And while not necessarily in the best interest of the Trustee individually and/or her counsel, but being cognizant of her unique position and its attendant duties even in difficult situations, the Trustee submits in the exercise of her business judgment that it is in the best interest of the Estate to move forward on the *Motion to Approve Compromise under FRBP 9019* [Bankr. ECF No. 1900] (the "**9019 Motion**") with revised settlement agreement terms that are consistent with this Court's rulings in its August Memorandum Order.  Upon review of the Status Report [Docket No. 32], it appears that Mr. LeClair is prepared to do the same.

The Trustee believes that through the Trustee Original Pleadings and this supplement she has completely answered all inquiries posed in the August Memorandum Order of the Court. And as previously indicated, the Trustee and the undersigned counsel intend to be present at the scheduled August 29, 2023 initial settlement approval hearing and are happy to address any further inquiry of the Court.

Dated: August 28, 2023
Richmond, Virginia

Respectfully submitted,

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
pberan@tb-lawfirm.com

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*